UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 19-46095-mbm

**Michelle Ann Boesch**                              Chapter 7

    Debtor.                                         Hon. Marci B. McIvor
_____/

**MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(2) AND (b)(3)**

Daniel M. McDermott, United States Trustee, states as follows:

**Jurisdiction**

1. The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(2) and (b)(3). A proposed Order is attached.

2. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on April 22, 2019.

3. The Debtor's obligations are primarily consumer debts.

4. The Debtor scheduled nonpriority unsecured debt of $180,955.

**Presumed Abuse Pursuant to 11 U.S.C. § 707(b)(2)**

5. Pursuant to 11 U.S.C. § 704(b)(1)(a), the U.S. Trustee reviewed the materials filed by the Debtors and filed a Statement of Presumed Abuse ("10-Day Statement").

6. The Debtor's gross monthly income during the six month period prior to filing was $7,211.50. The Debtor's household income annualized is $86,538, which is above the applicable median for a household of one. The Debtor, therefore, completed the remaining portions of the Form 22A.

7. On Line 39c the Debtor concluded her monthly disposable income is negative $13.50.

8. The Debtor indicated that the presumption of abuse does *not* arise at the top of the Form 22A. However, the Form 22A is incorrect.

9. On Line 16 the Debtor claims $3,005 for taxes withheld from her wages. This amount is grossly overstated. According to a recent pay advice for the period ending May 17, 2019, the Debtor earned $34,096.97 year to date; or an average of $7,577.10. The taxes withhold for that same period were $8,138.57; or an average of $1,808.57. Line 16 should be reduced to $1,808.57 to accurately list the Debtor's current tax obligations.

10. On Line 17 the Debtor claims $156 for involuntary deductions from her pay as a condition of her employment. The Debtor does not have any involuntary deductions from her pay. Line 17 should be $0.

11. On Line 33 the Debtor claims an expense in the amount of $1,198 for a vehicle loan. According to Schedule J, the actual monthly payment for the Debtor's vehicle is $520 per month. Line 33 should be reduced to list the accurate auto loan payment of $520.

12. After appropriate adjustments to the means test, as described in paragraphs 9, 10 and 11, the presumption of abuse will arise, as the monthly disposable income would be $2,016.93.

13. The Debtor has not demonstrated special circumstances to rebut the presumption, such as a serious medical condition, or call or order to active duty in the armed forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

14. The Debtor has failed to establish special circumstances to rebut the presumption of abuse. Accordingly, this Court should dismiss this case as an abuse of Chapter 7.

**Abuse Pursuant to 11 U.S.C. § 707(b)(3) - Totality of the Circumstances**

15. The Debtor's Schedule I lists gross monthly income of $6,933.33 and net monthly income of $3,126.49.

16. The Debtor's Schedule J lists total monthly expenses of $4,339 and a deficit of $1,212.51. This shortfall is illusory. It suggests the Debtor has additional income that is not disclosed or is not actually paying all of the expenses listed on Schedule J.

17. According to Schedule I the Debtor's gross income is reduced by $3,005.17 for taxes withheld. As stated above, the Debtor's actual tax obligation is $1,808.57 – a difference of $1,205.17.

18. The Debtor's net pay is significantly understated and should be increased by $1,196.60 to $4,323.09.

19. Debtor's Schedule I also lists a voluntary contribution to a retirement fund of $403.

20. The retirement contributions are not appropriate in the context of a chapter 7 and the funds could be used to pay creditors.

21. The Debtor's Schedule J lists a monthly expense of $570 for student loans.

22. The Debtor's student loan obligations are unsecured debts and should not be favored over other unsecured debts.

23. With the adjustments to her finances, as described in paragraphs 16-20, The Debtor's disposable income would increase significantly.

24. The Debtor has an ability to repay a portion of her unsecured obligations.

**WHEREFORE**, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned Chapter 7 case.

                Respectfully submitted,

                **DANIEL M. McDERMOTT**
                **UNITED STATES TRUSTEE**
                Region 9

            By    /s/ Jill M. Gies (P56345)
                   Jill.Gies@usdoj.gov
                   Trial Attorney
                   Office of the U.S. Trustee
                   211 West Fort St - Suite 700
                   Detroit, Michigan 48226
                   (313) 226-7913

Dated: June 13, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:     Case No. 19-46095-mbm

**Michelle Ann Boesch**     Chapter 7

   Debtor.     Hon. Marci B. McIvor
_____/

## ORDER DISMISSING CHAPTER 7 CASE

**THIS MATTER** came before the Court upon the Motion of the United States Trustee for an order dismissing the above-captioned case under the provisions of § 707(b)(2) and (b)(3) of the Bankruptcy Code.

The Court, having considered the pleadings filed herein, no objection to the motion having been filed,

**IT IS ORDERED** that above-captioned case is **DISMISSED**.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 19-46095-mbm

**Michelle Ann Boesch**                     Chapter 7

             Debtor.                               Hon. Marci B. McIvor

_____/

**NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE**

      The United States Trustee has filed papers with the court to dismiss the above case.

      **<u>Your rights may be affected</u>.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

      If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

      1.       File with the court a written response or an answer, explaining your position at:[1]

                                                     U.S. Bankruptcy Court
                                                    211 West Fort Street,
                                                    Detroit, MI 48226

      If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

      You must also mail a copy to:        Jill M. Gies
                                                       Office of the United States Trustee
                                                       211 West Fort Street, Suite 700
                                                       Detroit, MI 48226

      2.       If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

      If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                          **DANIEL M. McDERMOTT**
                                                          **UNITED STATES TRUSTEE**
                                                          Region 9

                                    By      <u>/s/ Jill M. Gies (P56345)</u>
                                                          Jill. Gies@usdoj.gov
                                                          Trial Attorney
                                                          Office of the U.S. Trustee
                                                          211 West Fort St - Suite 700
                                                          Detroit, Michigan 48226
                                                          (313) 226-7913

Dated: June 13, 2019

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

19-46095-mbm    Doc 22    Filed 06/13/19    Entered 06/13/19 16:07:14    Page 7 of 13

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 19-46095-mbm

**Michelle Ann Boesch**                   Chapter 7

          Debtor.                             Hon. Marci B. McIvor
_____/

**MEMORANDUM OF LAW IN SUPPORT OF THE U.S TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(b)(2) AND (b)(3)**

**Dismissal Under 11 U.S.C. § 707(b)(2)**

In pertinent part, 11 U.S.C. § 707(b)(1) provides for dismissal (or, with the debtor's consent, conversion) of a chapter 7 case if the Court "finds that the granting of relief would be an abuse of the provisions of this chapter. In turn, § 707(b)(2)(A)(I) provides in pertinent part that the Court shall presume abuse exists if:

> the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>
> 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,475, whichever is greater; or $12,475.

The standard and actual expenses which a debtor may claim are detailed in § 707(b)(2)(A)(ii), (iii), and (iv).

In practical terms, the statute presumes that a debtor's chapter 7 filing is abusive, if after deducting all allowable expenses from a debtor's income, the debtor

has monthly net disposable income of at least $227.50 (which totals $13,650 over 60 months), or if the net monthly income is greater than $136.25 but less than $227.50 and totals 25% of the debtor's unsecured non-priority debts when multiplied by 60 months.

In this case, although the Debtor claims her monthly disposable income is below the threshold amount which would cause the presumption to arise, her Form 122a-2 contains errors. When appropriate adjustments are made, the Debtor's monthly disposable income is significantly above $227.50. The presumption of abuse does arise.

**Special circumstances to rebut the presumption**

If the presumption arises, a debtor may only rebut that presumption by demonstrating special circumstances as set forth in 11 U.S.C. § 707(b)(2)(B)(I). Special circumstances are those such as a serious medical condition or call or order to active duty in the armed forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. *Id*. Pursuant to § 707(B)(2)(b)(ii) and (iii) any assertion of special circumstances must be accompanied by documentation and the attestation under oath by the debtor as to the accuracy of the representations. Pursuant to § 707(b)(2)(B)(iv) such additional expenses or adjustments to income rebut the

2

presumption of abuse only, if when substituted for the expenses and income in the Form 22A, no presumption of abuse arises.

Based on the United States Trustee's calculations the presumption of abuse arises in this case. Debtors have not asserted special circumstances to rebut the presumption. Accordingly, the Court should dismiss this case pursuant to 11 U.S.C. § 707(b)(2).

**Dismissal Pursuant to 11 U.S.C. § 707(b)(3)**

If the presumption of abuse does not arise or is rebutted, this Court may nevertheless dismiss Debtors' case if the totality of the circumstances of Debtors' financial situation demonstrates abuse.

Section 707(b)(3) provides:

In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -

> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

**Ability to Pay**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with

a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. See, e.g., *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id*. at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3). The Debtor's Schedules demonstrate his ability to repay creditors.

The Debtors' attempt to obtain relief under Chapter 7 while continuing excessive spending constitutes an abuse of the provisions of Chapter 7. *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989), *In re Keating*, 298 B.R. 104, 110 (Bkrtcy. E.D.Mich. 2003)(McIvor, J.).

The granting of relief to the Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtors' financial situation demonstrates abuse.

4

## CONCLUSION

For the reasons stated above, the Court should dismiss this case as an abuse of Chapter 7.

                                           Respectfully submitted,

                                           **DANIEL M. McDERMOTT**
                                           **UNITED STATES TRUSTEE**
                                           Region 9

                            By    /s/ Jill M. Gies (P56345)
                                        Jill. Gies@usdoj.gov
                                        Trial Attorney
                                        Office of the U.S. Trustee
                                        211 West Fort St - Suite 700
                                        Detroit, Michigan 48226
                                        (313) 226-7913

Dated:  June 13, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 19-46095-mbm

**Michelle Ann Boesch**                             Chapter 7

   Debtor.                                      Hon. Marci B. McIvor
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2019, I served copies as follows:

1. Documents Served:   *Motion to Dismiss, Notice of Motion, Memorandum* and *Certificate of Service.*

2. Served Upon:        Michelle Ann Boesch
                       1239 Atkinson Ave
                       Bloomfield, MI 48302-0004

3. Method of Service:  First Class Mail

        **DANIEL M. McDERMOTT**
        **UNITED STATES TRUSTEE**
        Region 9

By: /s/ Jill M.Gies
    Jill.Gies@usdoj.gov
    Trial Attorney
    Office of the U.S. Trustee
    211 West Fort Street - Suite 700
    Detroit, Michigan 48226
    313.226.7913

Dated:  June 13, 2019